UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. WINSTON,

      Plaintiff,

v.                                                           Case No. 18-cv-1802-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)

On November 13, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

To decide whether to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit states that he is not employed, not married and has no dependents. Dkt. No. 2 at 1. The plaintiff lists income of $941 a month from social security

retirement, id. at 2 and expenses that total $951 per month, id. at 2-3. The plaintiff says that he owns a 2009 Lincoln Town Car, on which he owes more than the current value. Id. at 3. In addition, the plaintiff indicates that he has $3 in a checking/savings or other account, id., and that he owns no other property of value, id. at 4. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he was disabled during the time period included in the case, and that the Commissioner's decision denying him benefits was not supported by substantial evidence and/or is contrary to law and regulation. Dkt. No. 1 at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's

decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**